

**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In Re: | * | |
| GASTON F. BRYANT, | * | Case No.   03-67091-JS |
| | * | Chapter    7 |
| | * | |
| | * | |
| Debtor | * | |

## MEMORANDUM ORDER GRANTING MOTION TO STRIKE JUDGMENT

The Debtor has moved to strike a prepetition judgment, alleging that he is in the miltary and that the judgment should have been discharged during the pendency of the above-captioned case. Failure to strike this judgment will prejudice his opportunity for re-enlistment. The motion represents that the Debtor failed to list Canyon Receivables, L.P. ("Creditor") on any schedule of creditors, and the Debtor is now at risk to collection action by the Creditor. The court need not reopen the case for the reasons set forth in In re Stecklow, 144 B.R. 314 (Bankr. D. Md. 1992), and in In re Harmon, 213 B.R. 805 (Bankr. D.Md. 1997).

As explained in the Stecklow and Harmon opinions, the failure by the Debtor(s) to list the Creditor does not automatically deprive the Debtor(s) of a discharge of the claim held by the Creditor. 11 U.S.C. § 523(a)(3) prevents the discharge of an unlisted claim if the failure to schedule the claim results in that Creditor being deprived of the opportunity to timely file a proof of claim. In addition, if the claim is of a kind which would have been held nondischargeable by reason of false pretenses, fraud, willful and malicious injury, as more fully set forth in 11 U.S.C. §§ 523(a)(2), (4), and (6), the

failure to schedule the claim will prevent the discharge of the unscheduled claim where such failure also prevented the Creditor from filing a timely request for determination of dischargeability.

Because this bankruptcy case was a no asset case, the notice sent to creditors who had been scheduled did not contain a deadline for filing proofs of claims. Accordingly, the failure to schedule the Creditor did not deprive the Creditor of the opportunity to timely file a proof of claim; and it therefore appears that the Creditor's claim may have been discharged, even though it had not been scheduled. The creditor has consented to have its judgment stricken.

For these reasons, it is not necessary to reopen this case. The prepetition judgment of the creditor has been discharged and accordingly is null and void and will be stricken.

cc:    Michael P. Bahner, Esquire
310 Dunwoody Drive
Simpsonville, South Carolina   29681

Michael P. Bahner, Esquire
410 Barnes Street
Bel Air, Maryland    21014

SSgt. Gaston R. Bryant
1421 Hardwick Drive, Apt. B
Essex, Maryland   21221-4432

Office of the U.S. Trustee
2625 U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland   21201

Joseph J. Bellinger, Trustee
Ballard Spahr Andrews & Ingersoll, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland    21202-3268

Lt. Col. William E. Hensel, MDANG
175 WG/IG
2701 Eastern Boulevard
Baltimore, Maryland    21220

Charles H. Bogino, Esquire
10605 Concord Street, Suite 410
Kensington, Maryland    20895
Attorney for Canyon Receivables, L.P.

Lt. Col. J. Steve Rollins
175 LRS Commander
2701 Eastern Boulevard
Baltimore, Maryland    21220

Reopen-31.5 --  9/29/05

**End of Order**